Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
717 E. Elmer Street, Suite 7
Vineland, NJ 08360
Direct (609) 319-5399
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DENNIS MAURER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEWFIELD BANCORP, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  1:24-cv-04733<br><br>**COMPLAINT** |

## Introduction

Plaintiff, DENNIS MAURER, an individual, on his own behalf and on the behalf of all other similarly situated mobility impaired persons hereby sues the Defendant, NEWFIELD BANCORP, INC., a Delaware Corporation,  for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

## The Parties

1.      Plaintiff, DENNIS MAURER, is an individual over eighteen years of age and is otherwise sui juris.

1

2.     Defendant, NEWFIELD BANCORP, INC., owns and/or operates places of public accommodation, in this instance a group of bank branches under the name Newfield National Bank, each more commonly referred to as "Newfield Bank", alleged by the Plaintiff to be operating in violation of Title III of the ADA and the LAD.

## Jurisdiction and Venue

3.     Defendant's properties, Newfield National Bank locations (hereinafter referred to individually and collectively as "Newfield Bank" or the "Properties" or "Property"), is a group of bank branches located at the following locations throughout southern New Jersey:

   a. Main Office
      18 S. West Boulevard
      Newfield, NJ 08344

   b. Little Mill Road Office
      3249 Delsea Drive
      Franklinville, NJ 08322

   c. Malaga Office
      219 Delsea Drive
      Malaga, NJ 08328

   d. Williamstown Office
      320 South Main Street
      Williamstown, NJ 08094

   e. Star Cross Office
      4339 Tuckahoe Road
      Franklinville, NJ 08322

   f. Pitman Office
      51 North Woodbury Road

Pitman, NJ 08071

g. Washington Township Office
273 Fish Pond Road
Sewell, NJ 08080

h. 6th and Landis Office
552 Landis Avenue
Vineland, NJ 08360

i. Main Road Office
881 North Main Road
Vineland, NJ 08360

j. East Vineland Office
1771 South Lincoln Avenue
Vineland, NJ 08361

k. Hopewell Office
720 Shiloh Pike
Bridgeton, NJ 08302

4.    Venue is properly located in the District of New Jersey because venue lies in the judicial district of the properties' situs.  The Defendant's properties are located in and conduct business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[1]

6.    Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

---

[1] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202

7.      The Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA.  The Defendant is thus required to comply with the obligations of the ADA.[2]

8.      Plaintiff, DENNIS MAURER, is an individual with disabilities as defined by and pursuant to the ADA.  Mr. Maurer has multiple sclerosis and therefore has a physical impairment that substantially limits many of his major life activities[3] including, but not limited to, not being able to walk, stand, reach, or lift. Mr. Maurer, at all times, requires the use of a wheelchair to ambulate.

<u>**Factual Background**</u>

9.      Mr. Maurer is a staunch advocate of the ADA. Since becoming mobility impaired (and having to fully rely on the use of his wheelchair to ambulate) he has dedicated his life to the elimination of accessibility discrimination so that he, and others like him, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

10.     Mr. Maurer continues to encounter architectural barriers at many of the places that he visits. Seemingly trivial architectural features such as parking spaces, curb ramps, and door handles are taken for granted by the non-disabled but, when implemented improperly, become arduous and even dangerous.

11.     The barriers to access that Mr. Maurer experiences at differing places of public accommodation are often similar in nature. For example, he is repeatedly faced with excessive sloping in parking lots and sidewalks, large cracks in asphalt and concrete, improperly designed

---

[2] 28 CFR § 36.201(a) and 28 CFR § 36.104
[3] as defined by 28 CFR § 36.105(b)(1-2)

curb ramps, and non-accessible restrooms (even when designated "accessible" or "handicapped"). He has become frustrated and disheartened by the repetitiveness of the complaints he has been forced to make to the employees and management at various establishments in the past, often to no avail. Thus, he now finds his redress through the ADA, as Congress intended.

12.     Mr. Maurer is an account holder at Newfield Bank. He desired to have a relationship with a smaller, more regionalized/local bank rather than only having relationships with one of the several nationwide corporate behemoth banks that dominate the market. His desire was driven in part to keep his money local as well as the desire to have a more personal relationship with his banker.

13.     Mr. Maurer has visited Newfield Bank locations on many occasions.  Mr. Maurer visited the Properties as a bone fide patron with the intent to avail himself of the goods and services offered to the public within but found that the Properties are littered with violations of the ADA, both in architecture and in policy.

14.     Mr. Maurer intends to return to Newfield Bank not only as a patron but also to monitor any progress made with to respect to ADA compliance - he sincerely hopes that his return visits are not made in vain nor prevented by existing architectural barriers and improper procedures. His return visits will be dictated by his ongoing, continuous, and nearby travel.

15.     As it relates to his ongoing, continuous, and nearby travels - Mr. Maurer has accumulated friends and family across the mid-Atlantic region, including his children, grandchildren, nieces, and nephews; all of whom he visits regularly across New Jersey (including specifically Cumberland, Burlington, Atlantic, Salem, Gloucester, and Camden counties), New York,

Pennsylvania, Delaware, and Maryland.[4]

16.     Mr. Maurer has personally encountered repeated exposure to the architectural barriers and otherwise harmful conditions that exist at Newfield Bank properties; they have endangered his safety, could cause damage to his wheelchair, and have prevented him from full use of goods and services.

17.     The ADA has been law for over thirty (30) years and the Properties remain non-compliant. Thus, the Plaintiff has actual notice and reasonable grounds to believe that he will continue to be subjected to discrimination by the Defendant.

18.     Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Properties as described but not necessarily limited to the barriers he has personally experienced which are listed in Paragraph 23 of this complaint.

19.     Following any resolution of this matter Mr. Maurer will ensure that Newfield Bank undertakes the remedial work that is required under the appropriate standard and is compliant with the ADA. This reinspection will occur as set forth in the parties' settlement agreement or as ordered by this Court.

## COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

20.     Plaintiff realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

---

[4] Mr. Maurer would prefer not to list his friends or family members in this public document but would do so under seal if ordered by this Court.

21.     The Defendant has discriminated against the Plaintiff, and other similarly situated mobility impaired persons, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Properties, as prohibited by the ADA.

22.     A preliminary inspection of the Properties has shown that violations of the ADA exist. That inspection, performed by Plaintiff's expert, further revealed that the remediation of all violations/barriers listed in Paragraph 23 are both technically feasible and readily achievable in nature.

23.     The following is a list of architectural barriers and ADA violations personally encountered by Mr. Maurer during his visits to the Newfield Bank branches:

**A.  Newfield Bank - Main Office**

   **Parking and Exterior Accessible Route**

   1.   Accessible The designated accessible parking provided at Newfield Bank-Main Office fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. These barriers have presented Mr. Maurer with a tipping hazard and could also cause damage to his wheelchair; to avoid these obstacles he has been forced to park away from the facility in a flat and maintained area, travel around obstacles, and then through the vehicular area of the parking lot in order to reach the facility. Similar barriers at other branches have affected him in a similar manner. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

   2.   The exterior accessible route at Newfield Bank-Main Office contains abrupt changes of level and cross sloping beyond allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Mr. Maurer was impeded by the excessive sloping and abrupt changes of level while traveling through this Property – these conditions present him with a tipping hazard and could damage his wheelchair. Similar barriers at other

branches have affected him in a similar manner. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-Main Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Due to the lack of compliant parking Mr. Maurer was forced to park away from the facility as detailed above so that he could freely access his vehicle. Similar barriers at other branches have affected him in a similar manner. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-Main Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

5. Service counters and writing surfaces throughout Newfield Bank-Main Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Due to their improper height Mr. Maurer could not make full use of the counters or writing surfaces. Similar barriers at other branches have affected him in a similar manner. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6. Restrooms at Newfield Bank-Main Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**B. Newfield Bank – Little Mill Road Office**

**Parking and Exterior Accessible Route**

1. The designated accessible parking provided at Newfield Bank-Little Mill Road Office fails to provide a compliant accessible route from the parking area to the entrances; in

violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Excessive sloping, abrupt changes in level, and gaps in path of travel endangered Mr. Maurer's safety. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2. The exterior accessible route at Newfield Bank-Little Mill Road Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-Little Mill Road Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop. Mr. Maurer has been precluded from accessing the Property from these points of entry due to the lack of an accessible route; a discriminatory omission which limits his options for transportation and is a violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Similar barriers at other branches have affected him in a similar manner. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-Little Mill Road Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

5. Service counters and writing surfaces throughout Newfield Bank-Little Mill Road Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6. Restrooms at Newfield Bank-Little Mill Road Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010

ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**C.  Newfield Bank – Malaga Office**

**Parking and Exterior Accessible Route**

1.  Newfield Bank-Malaga Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2.  Newfield Bank-Malaga Office fails to provide the requisite amount of compliant accessible parking spaces (they fail to provide any van accessible spaces at all); in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

3.  Service counters and writing surfaces throughout Newfield Bank-Malaga Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

4.  Restrooms at Newfield Bank-Malaga Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**D.  Newfield Bank – Williamstown Office**

**Parking and Exterior Accessible Route**

1.  The designated accessible parking provided at Newfield Bank-Williamstown Office lacks compliant accessible parking spaces and fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and

502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2. The exterior accessible route at Newfield Bank-Williamstown Office contains abrupt changes of level and cross sloping beyond the allowable limits beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-Williamstown Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-Williamstown Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

5. Service counters and writing surfaces throughout Newfield Bank-Williamstown Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 308 and 904 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6. Restrooms at Newfield Bank-Williamstown Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**E.  Newfield Bank – Star Cross Office**

**Parking and Exterior Accessible Route**

1.  The designated accessible parking provided at Newfield Bank-Star Cross Office lacks compliant access aisles, contains abrupt changes of level/slopes within the spaces, and fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2.  The exterior accessible route at Newfield Bank-Star Cross Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3.  Newfield Bank-Star Cross Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4.  Newfield Bank-Star Cross Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

5.  Newfield Bank-Star Cross Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

## Access to Goods and Services

6.  Service counters and writing surfaces throughout Newfield Bank-Star Cross Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

## Restrooms

7. Restrooms at Newfield Bank-Star Cross Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**F. Newfield Bank – Pitman Office**

<u>**Parking and Exterior Accessible Route**</u>

1. The designated accessible parking provided at Newfield Bank-Pitman Office fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2. The exterior accessible route at Newfield Bank-Pitman Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-Pitman Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-Pitman Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

<u>**Restrooms**</u>

5. Restrooms at Newfield Bank-Pitman Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

### G. Newfield Bank – Washington Township Office

**Parking and Exterior Accessible Route**

1.  The designated accessible parking provided at Newfield Bank-Washington Township Office fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2.  The exterior accessible route at Newfield Bank-Washington Township Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3.  Newfield Bank-Washington Township Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4.  Newfield Bank-Washington Township Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

5.  Newfield Bank-Washington Township Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6.  Restrooms at Newfield Bank-Washington Township Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**H. Newfield Bank – 6th and Landis Office**

<u>**Parking and Exterior Accessible Route**</u>

1. The designated accessible parking provided at Newfield Bank-6th and Landis Office lacks access aisles and fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2. The exterior accessible route at Newfield Bank-6th and Landis Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-6th and Landis Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-6th and Landis Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

<u>**Access to Goods and Services**</u>

5. Service counters and writing surfaces throughout Newfield Bank-6th and Landis Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

<u>**Restrooms**</u>

6. Restrooms at Newfield Bank-6th and Landis Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA

Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**I.  Newfield Bank – Main Road Office**

**Parking and Exterior Accessible Route**

1. The designated accessible parking provided at Newfield Bank-Main Road Office fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2. The exterior accessible route at Newfield Bank-Main Road Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3. Newfield Bank-Main Road Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4. Newfield Bank-Main Road Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

5. Service counters and writing surfaces throughout Newfield Bank-Main Road Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6.  Restrooms at Newfield Bank-Main Road Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

## J.  Newfield Bank – East Vineland Office

### Parking and Exterior Accessible Route

1.  The designated accessible parking provided at Newfield Bank-East Vineland Office fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2.  The exterior accessible route at Newfield Bank-East Vineland Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3.  Newfield Bank-East Vineland Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4.  Newfield Bank-East Vineland Office fails to provide a continuous accessible route throughout the Property; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

### Access to Goods and Services

5.  Service counters and writing surfaces throughout Newfield Bank-East Vineland Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6.  Restrooms at Newfield Bank-East Vineland Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

**K.  Newfield Bank – Hopewell Office**

**Parking and Exterior Accessible Route**

1.  The designated accessible parking provided at Newfield Bank-Hopewell Office lacks compliant access aisles and fails to provide a compliant accessible route from the parking area to the entrances; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

2.  The exterior accessible route at Newfield Bank-Hopewell Office contains abrupt changes of level and cross sloping beyond the allowable limits; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

3.  Newfield Bank-Hopewell Office fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop; in violation of the ADAAG and Section 206.2.1 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

4.  Newfield Bank-Hopewell Office fails to provide the requisite amount of compliant accessible parking spaces; in violation of the ADAAG and Section 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Access to Goods and Services**

5.  Service counters and writing surfaces throughout Newfield Bank-Hopewell Office are mounted beyond the reach of Mr. Maurer; in violation of the ADAAG and Sections 402

and 502 of the 2010 ADA Standards. Remediation/removal of said barrier(s) is both technically feasible and readily achievable.

**Restrooms**

6. Restrooms at Newfield Bank-Hopewell Office are not open to the public, which may indicate policy issues that are violative of the ADAAG and Section 601 of the 2010 ADA Standards. Further inquiry and discovery is required to ascertain the nature of the Defendant's restroom use policies.

24. Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 CFR § 1191, appendix B and D ("ADAAG"); and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.[5]

25. The discriminatory violations described in Paragraph 23 may not be an exhaustive list of the ADA violations that exist at Newfield Bank, but they are the result of a preliminary inspection conducted by the Plaintiff and include those personally experienced by Mr. Maurer. Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the Properties – in violation of the ADA/LAD.

26. Plaintiff, and other similarly situated mobility impaired persons, will continue to suffer discrimination, injury and damage without the immediate relief provided for by the ADA and

---

[5] 28 CFR § 36.104

requested herein.

27.    Defendant has discriminated against Plaintiff, and other similarly situated mobility impaired persons, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

28.    Defendant continues to discriminate against Plaintiff, and other similarly situated mobility impaired persons, by failing to remove architectural barriers, and communication barriers that are structural in nature.[6]

29.    Defendant continues to discriminate against Plaintiff, and other similarly situated mobility impaired persons, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.[7]

30.    Defendant continues to discriminate against Plaintiff, and other similarly situated mobility impaired persons, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[8]

31.    If the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[9] then the Defendant's facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

---

[6] 42 U.S.C. § 12181(b)(2)(A)(iv)

[7] 42 U.S.C. § 12181(b)(2)(A)(ii)

[8] 42 U.S.C. § 12181(b)(2)(A)(iii)

[9] as defined by 28 CFR § 36.401(a)(2)

32.    Pursuant to 28 CFR § 36.402(a)(1) "any alteration" made to the Properties after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Properties are readily accessible to and usable by individuals with disabilities, including individuals, like Mr. Maurer, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[10] Discovery in this matter will reveal if and when such alterations have taken place at the Properties, and to what corresponding technical and scoping specification the Defendant must meet/exceed to bring the Properties into compliance with the ADA.

33.    Pursuant to 28 CFR § 36.304(a) Defendant shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

34.    28 C.F.R. § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element - that has not been altered - must comply with or be modified to meet. Those are defined as follows:

   a.   Elements that have not been altered since on or after March 15, 2012, must comply with the 1991 Standards.

   b.   Elements that have existed prior to and have not been altered since on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with either the 1991 Standards or the 2010 Standards.

   c.   Elements that have been altered on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with the 2010 Standards.

---

[10] 28 CFR § 36.402(a)(2)

35.     Plaintiff is not required to notify Defendant of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Plaintiff has found that voicing concerns to employees and management, making phone calls, and writing letters is futile. In his experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

36.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted.  The public interest would not be disserved by the issuance of a permanent injunction.

37.     Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff are entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendant.

38.     Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the Properties and make such readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Properties until such time as the Defendant cure their violations of the ADA.[11]

**WHEREFORE,** Plaintiff respectfully demands;

a.  The Court issue a Declaratory Judgment determining that the Defendant is in violation of Title III of the ADA.

b.  Injunctive relief against the Defendant including an order to (1) cure all ADA violations existing at the Properties listed herein and those later found through discovery within the

---

[11] 42 U.S.C. § 12188(b)(2)

next six months; (2) to make the Properties accessible to and usable by individuals with

disabilities; and (3) to require the Defendant to make reasonable modifications in policies,

practices or procedures, to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services.

c.   An Order requiring the Defendant to cease its discriminatory practices and to maintain the

requisite accessible features at the Properties - as required by the ADA.

d.   An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

e.   Such other relief as the Court deems just and proper and is allowable under Title III of the

ADA.

## COUNT II

### Violation of New Jersey Law
### Against Discrimination, N.J.S.A. 10:5-1 et seq.

39.   Plaintiff realleges and incorporates, by reference, all of the allegations contained in all of

the preceding paragraphs.

40.   Each of the Properties is a place of public accommodation as defined by N.J.S.A 10:5-5.

41.   New Jersey law provides that all persons shall have the opportunity to obtain all the

accommodations, advantages, facilities, and privileges of any public place of accommodation

without discrimination on the basis of disability.  This opportunity is recognized and declared to

be a civil right.[12]

42.   As set forth above, the Defendant has violated the LAD by denying Mr. Maurer, and all

other mobility impaired individuals, the full and equal enjoyment of the goods, facilities, services,

---

[12] Pursuant to N.J.S.A 10:5-4

and accommodations available at the Properties.

43.     As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Maurer has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully demands;

    a.  That this Court assume jurisdiction.

    b.  The Court issue a Declaratory Judgment determining that the Defendant is in violation of the LAD.

    c.  An injunction ordering Defendant to immediately comply with the LAD by removing all architectural barriers listed herein or later found through discovery.

    d.  A monetary award consisting of the individual Plaintiff's damages – to the maximum extent permitted – attorney's fees, and litigation expenses; including expert's fees and costs.

    e.  An order requiring the Defendant to cease its discriminatory practices and to maintain the requisite accessible features at each of the Properties - as required by the LAD.

    f.  Other relief that this Court deems just and proper and is allowable under the LAD.


Respectfully submitted on this 10th day of April 2024,

                                  */s/ Jon G. Shadinger Jr.*
                                  Jon G. Shadinger Jr., Esq.
                                  Shadinger Law, LLC
                                  717 E. Elmer Street, Suite 7
                                  Vineland, NJ 08360
                                  Direct (609) 319-5399
                                  js@shadingerlaw.com
                                  *Attorney for Plaintiff, Dennis Maurer*